Brock *v.* Clark.

---

## JAMES W. BROCK *v.* JOHN W. CLARK.

### *Sale. Deceit.*

When one sells hay for *good hay*, and its quality cannot be ascertained by ordinary examination because the hay was baled, if it is defective, he is liable for the difference between the value of the hay as it was and as it was represented; and the price for which the vendee sells the hay has no relation to the rights of the parties, except as to the value of the hay.

ACTION for deceit in sale of hay. Heard on a referee's report, March Term, 1888, ROWELL, J., presiding. Judgment for the plaintiff for $36.40,—the sum allowed by referee with interest. It appeared that the hay was raised on the defendant's land, was pressed and baled by his servants, and that he never saw the hay; that plaintiff bought the hay relying on the representations; and that the hay was damaged $26.98 in value. As to the sale of the hay by the plaintiff, the referee found as follows: The hay was shipped to one Bruce, and the plaintiff charged him $20 per ton, which was $6 per ton more then the plaintiff paid the defendant. "Bruce made

Brook *v.* Clark.

no question about the price of the hay at that time nor did he ever object to paying full price for the hay as charged by plaintiff on account of its being damaged. Plaintiff and Bruce had dealings together, and had a large unsettled account. Subsequently, when plaintiff and Bruce came to settle up their account, Bruce having then learned that plaintiff paid only $14 per ton for this hay, he objected to paying plaintiff $20 per ton, claiming that plaintiff had no right to charge him more than he paid; that he was to have the hay at whatever plaintiff paid for it, and was to pay plaintiff a reasonable sum for his trouble in buying it for him; plaintiff did not admit that his contract with Bruce was such that he had no right to charge him a profit on the hay; but the charge for hay was compromised between them at $117.94. This was in a general compromise of their whole account, other items of which were in dispute. Bruce yielded certain claims in consideration of this compromise. Plaintiff paid the freight on the hay to Roxbury, amounting to $11.20, making the cost of it at that place $119.14; $1.20 more than plaintiff was allowed for it in the compromise."

*C. H. Pitkin* and *C. M. Bennett*, for the defendant.

No fraud being shown, the plaintiff can recover no more damages than he has sustained. *Baldwin* v. *Porter*, 12 Conn. 484; *Hurlburt* v. *Green*, 41 Vt. 490; *Hogan* v. *Thorington*, 8 Port. 428; *Reggio* v. *Braggiotti*, 7 Cush. 169; Sedgw. Dam. p. 29.

The measure of damages on a breach of warranty is governed by substantially the same rules as in the case of a vendor's breach of his obligation to deliver. Benj. Sales,— 1159; *The Camden Consolidation Oil Co.* v. *Schlen & Co.* 59 Md. 31–44; *Woodward* v. *Thatcher*, 21 Vt. 580; *Wing* v. *Chapman*, 49 Vt. 33; *Hubbard* v. *Rowell*, 51 Conn. 423; *Murray* v. *Jenkins*, 42 Conn. 9; Sedgw. Dam. p. 115, note.

Unless both fraud and damage concur an action will not lie. 1 Swift, Dig. 554; 49 L. J. (Con. Law) N. S. 851. The

plaintiff must show that he has sustained some injury. *Weaver v. Wallace,* 4 Halst. 251.

The report shows that the plaintiff never suffered any damage because of the transaction.

*George W. Wing,* for the plaintiff.

The representations made by the defendant and relied upon by the plaintiff constituted a warranty of the quality. There being a breach of the warranty, the plaintiff is entitled to recover, and no question is made, but the referee has followed the correct rule of damages. 54 Vt. 226; 58 Vt. 543; 49 Vt. 22; 13 Wall. 379; 40 Vt. 588; 3 Cranch, 270.

The opinion of the court was delivered by

Ross, J. It is established by the report of the referee that the hay purchased of the defendant, and paid for by the plaintiff, was to be *good hay.* It was baled and its quality could not be ascertained by ordinary examination. It did not answer to the character of *good hay.* The plaintiff was entitled to the benefit of the contract, whether he made a profit or suffered a loss in its sale. As the hay received, because of its damaged condition, did not fulfil the terms of the contract, the plaintiff was entitled to recover from the defendant such a sum of money as, added to the value of the hay received, would make the whole equal to the value of *good hay.*

The judgment of the County Court was for this sum and no more. The defendant made no compensation for the deficient quality of the hay by the sale to Bruce. He was not a party nor privy to that sale, nor affected by it beneficially, nor adversely. That sale, except as evidence of the value of the hay received, had no relation to the contract rights existing between the plaintiff and defendant in regard to the hay.

The judgment of the County Court is affirmed.